



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 14, 2017**

**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 16-33627-hdh13** |
| **Nathan Kelly,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| **Nathan Kelly,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adversary No. 16-03149-hdh** |
| v. | § | |
| | § | |
| **D Realty Investments, Inc.** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF
## LAW ON PLAINTIFF'S ORIGINAL COMPLAINT

On February 9, 2017, the Court held a trial to consider Nathan Kelly's (the "Plaintiff")

*Original Complaint* [Docket No. 1] (the "Complaint"), filed in this adversary proceeding on

November 14, 2016. The ultimate issue before the Court is whether the Plaintiff is an "owner"

under the Texas Property Code and thus has a right to redeem property after a tax sale when he claims that right as an adverse possessor. The following are the Court's Findings of Fact and Conclusions of Law.[1] Based upon these Findings of Fact and Conclusions of Law, the Court has determined that the Plaintiff has established his right of redemption under Texas law.

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Adversary Proceeding involves non-core matters under 28 U.S.C. § 157(c). Both parties have consented to entry of a final judgment by this Court. *See* Docket No. 1 at ¶4; Docket No. 5 at ¶1; *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). Venue for this Adversary Proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FINDINGS OF FACT

The Complaint seeks, *inter alia*, a declaratory judgment that the Plaintiff is entitled to redeem the property located at 2107 South Harwood Street, Dallas, Texas 75215 (the "Subject Property") following a 2014 tax sale.

The parties entered into detailed stipulations (the "Stipulation") prior to trial. [Docket No. 10]. The Stipulation is incorporated into these Findings of Fact and Conclusions of Law as if set out herein.

D Realty Investments, Inc. (the "Defendant") purchased the Subject Property at a tax sale held on September 2, 2014.

---

[1] The following are the Court's Findings of Fact and Conclusions of Law, issued pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings, pursuant to Federal Rule of Bankruptcy Procedure 7052. Any Finding of Fact that more properly should be construed as a Conclusion of Law shall be considered as such, and vice versa.

The parties were involved in litigation in state court before this bankruptcy case was filed. The state court action ended in a dismissal without prejudice. That judgment has no preclusive effect in the instant proceeding.

According to the Complaint, the Plaintiff is a 74-year old motor vehicle mechanic who has had limited elementary level education, very little ability to read or write and no real understanding of contracts or real estate. The Plaintiff has had his principal place of business at the Subject Property since 1972 and has resided exclusively at the Subject Property since before December 1994.

The statute giving rise to Plaintiff's right of redemption is Texas Tax Code section 34.21, which provides in relevant part:

> (a) The owner of real property sold at a tax sale to a purchaser other than a taxing unit that was used as the residence homestead of the owner . . . may redeem the property on or before the second anniversary of the date on which the purchaser's deed is filed for record by paying the purchaser the amount the purchaser bid for the property, the amount of the deed recording fee, and the amount paid by the purchaser as taxes, penalties, interest, and costs on the property, plus a redemption premium of 25 percent of the aggregate total if the property is redeemed during the first year of the redemption period or 50 percent of the aggregate total if the property is redeemed during the second year of the redemption period.

Thus, there are five elements under section 34.21(a) for a person to redeem a residence homestead property from a tax sale: 1) the person must be the "owner" of property "sold at a tax sale," 2) the tax sale purchaser must not be "a taxing unit," 3) the property must have been the residence homestead of the owner, 4) the redemption must occur "on or before the second anniversary of the date on which the purchaser's deed is filed for record," and 5) the person redeeming the property must pay the tax sale purchaser "the amount the purchaser bid for the property, the amount of the deed recording fee, and the amount paid by the purchaser as taxes, penalties, interest, and costs on the property, plus a redemption premium of 25 percent of the

3

aggregate total if the property is redeemed during the first year of the redemption period or 50 percent of the aggregate total if the property is redeemed during the second year of the redemption period." *Id.*

Each of the foregoing elements have been met in the instant case, except for the requirement that to redeem, the Plaintiff must be the "owner" of the Subject Property under the redemption statute.[2] First, the Defendant is not a "taxing unit." Second, the Stipulation and the testimony of Wade Masterson, the Debtor's only witness at trial, established that the Subject Property is the Plaintiff's residence homestead. Third, the Plaintiff tendered the amounts necessary to redeem the Subject Property within two years of the date the Sheriff's Deed for the tax sale was recorded.[3] Fourth, as explained in the Stipulation, the Plaintiff tendered to the Defendant the sum of $117,643.05, representing 150% of the sums paid by the Defendant for the acquisition and holding of the Subject Property. The Defendant refused this tender but has acknowledged that the amount of the tender correctly calculated the amount due to the Defendant in accordance with Texas Tax Code § 34.21. The only remaining issues are those of law.

### III.　CONCLUSIONS OF LAW

There were two issues at trial, one procedural and the other substantive. The first issue concerns whether the Plaintiff has improperly chosen to pursue his claim through declaratory judgment, rather than through a trespass to try title claim. The second concerns whether Plaintiff's

---

[2] As that is more of a legal issue, it is addressed in the Conclusions of Law.

[3] The Sheriff's Deed for the tax sale was recorded on September 12, 2014. Accordingly, absent the bankruptcy filing, the two year anniversary provided for under Texas Tax Code § 34.21(a) would have expired on September 12, 2016. However, Plaintiff filed for bankruptcy protection on September 12, 2016, thus affording him an additional 60 days to satisfy the redemption criteria. The parties have stipulated that the Plaintiff tendered funds to the Defendant, and later to the Dallas County Tax Assessor Collector (together with the necessary affidavit required by Texas Tax Code 34.21(f) and (f-1)), on November 9, 2016 and November 11, 2016 respectively. Accordingly, the Plaintiff completed the redemption prior to the second anniversary of the date on which the purchaser's deed is filed for record" as extended by 11 U.S.C. § 108(b). Timing is not an issue in this adversary proceeding.

status as the holder of title-by-limitations to the Subject Property vests the Plaintiff with the rights of an "owner" under Texas Tax Code § 34.21.

## A. A TRESPASS TO TRY TITLE SUIT IS NOT THE PROPER PROCEDURAL VEHICLE IN THE CASE AT BAR.

Plaintiff does not, by this suit, challenge the fact that the Defendant acquired title to the Subject Property at the tax sale. Rather, Plaintiff seeks to assert his rights as the holder of title-by-limitations at the time of the tax sale over two years ago–a moment in time when the Defendant undisputedly held no title to the Subject Property. Thus, this is not a case of two competing claims of current title to the Subject Property. It is a case in which Plaintiff seeks 1) a declaration that he, as the prior owner-by-limitations of the Subject Property, is entitled to assert the attendant rights and privileges of his prior ownership by redeeming the Subject Property from the tax sale purchaser (i.e. the Defendant); and 2) an Order requiring the Defendant to convey the Subject Property to the Plaintiff as required by the Texas Tax Code in exchange for the statutory redemption amount. The declaratory judgment action filed by the Plaintiff is the proper procedure for the Court's determination.

## B. PLAINTIFF IS AN "OWNER" FOR PURPOSES OF THE REDEMPTION STATUTE

The central and substantive issue in this lawsuit is whether the Plaintiff, as the holder of title-by-limitations, is an "owner" of the Subject Property and thus entitled to redeem the Subject Property. The Defendant argues that the Plaintiff cannot be considered an "owner" because, by virtue of his title-by-limitations, he does not have a "perfected" title to the Subject Property.

The adverse possession statutes – whether three years, five years, ten years, or twenty-five years—are found in Texas Civil Practice and Remedies Code § 16.021 et seq. Following these statutes is Texas Civil Practice and Remedies Code § 16.030(a), which states, "[i]f an action for

5

the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has *full title*, precluding all claims." (Emphasis added).

Section 16.030(a) thus contemplates full title, not inchoate title, partial title, contingent title, or anything other than absolute title, once a competing (e.g. record) title holder has allowed the prescribed limitations period to lapse and the adverse possessor has met any other requirements.

Section 16.030's predecessor dates back to at least 1879 in Texas. Since then, beginning in 1888, courts have almost uniformly held that the "full title" held by an adverse possessor means exactly what it says: it is indefeasible, complete, and absolute, and not dependent on any further action by the adverse possessor including recordation, notice, or a judgment. For instance, in *Bridges v. Johnson*, one of the earliest cases to address this issue, the Texas Supreme Court held:

> Naked possession for the length of time, and with the incidents, enumerated in the statute, invest the possessor with title to the land as fully and effectually as if the title had been acquired by patent; and a party who has had such possession for 10 years may maintain an action founded on the title thus acquired. [The adverse possessor] having perfect title to the land . . . .

69 Tex. 714, 7 S.W. 506, 506 (1888).

Fifteen years later, the Texas Supreme Court reaffirmed this proposition in *Burton's Heirs v. Carroll*:

> By the plain terms of [the adverse possession] statute the continuous, peaceable, adverse possession of the land for 10 years, claiming title thereto, conferred upon the defendants in error 'full title'; that is, all of the title which had emanated from the state vested in defendants in error as against the claim of any and all persons. *E. Texas Land & Improvement Co. v. Shelby*, 41 S.W. 542 (1897), *writ refused*; *Grayson v. Peyton*, 67 S.W. 1074 (Tex. Civ. App. 1902); *Branch v. Baker*, 7 S.W. 808 (1888). The decisions of our court here cited, as well as others, uniformly hold that the effect of the above-quoted statute is to vest in the possessor, who has complied with the statute of limitation, a full and complete title to the land.

96 Tex. 320, 72 S.W. 581, 582 (1903).

Since the Texas Supreme Court's decision in *Burton's Heirs*, there are numerous cases, an almost unbroken line, reaffirming the proposition that an adverse possessor's claim to full title depends on nothing else. *See, e.g. White v. Pingenot*, 49 Tex. Civ. App. 641, 90 S.W. 672 (1905), *writ refused*; *Grayson v. Peyton*, 67 S.W. 1074 (Tex. App. 1902); *Latta v. Wiley*, 92 S.W. 433 (Tex. Civ. App. 1905), *writ refused*; *Bowles v. Bryan*, 277 S.W. 760, 763-65 (Tex. Civ. App. 1925), *writ dismissed w.o.j* (Jan. 27, 1926); *Brohlin v. McMinn*, 161 Tex. 319, 341 S.W.2d 420, 422 (1960); *Mitchell v. Schofield*, 140 S.W. 254 (Tex. Civ. App. 1911), *aff'd*, 106 Tex. 512, 171 S.W. 1121 (1915).

Accordingly, in light of the foregoing cases, it seems beyond dispute that nothing other than the passage of time need occur in order for a qualified adverse possessor to "perfect" his title to real property. Thus, when case law refers to "perfection" of an adverse possession claim, the cases mean simply that the elements of the adverse possession claim have been established for the requisite three-, five-, ten-, or twenty-five-year period. It does not mean that a suit has been initiated, that adverse possession title has been recorded, or that innocent third parties are protected from the claims of an unknown adverse possessor.

Defendant relies heavily on *Session v. Woods*, 206 S.W.3d 772 (Tex. App. - Texarkana, 2006), but that case appears to be an outlier and inconsistent with the holdings of the Texas Supreme Court. *Session*, in dicta, and without citation to the cases listed above, states that adverse possession merely "allows a person to claim title to real property presently titled in another." Session, 206 S.W.3d at 777. This case is contrary to the statute and the line of cases as mentioned above.

*Session* is also distinguishable on the facts. First, *Session* was in the context of an attempt to void a tax sale. *Session*, 206 S.W. 3d at. 774. In the instant case, as previously mentioned, the

7

Plaintiff does not dispute the validity of the tax sale or the Defendant's current title to the Subject Property.  Second, the plaintiff in *Session* did not seek to invalidate the tax sale until three years after the sale, which was after the statute of limitations had run.  *Id.*  The court did not opine as to whether, had the plaintiff sought to redeem the property within two years of the tax sale, he would have been able to do so.

Furthermore, even if the Plaintiff was not the "owner" of the Subject Property under the redemption statue, he would arguably have the right to redeem the Subject Property by virtue of his possession. Texas Civil Practice and Remedies Code section 34.22(a) states,

> A person asserting ownership of real property sold for taxes is entitled to redeem the property if he had title to the property *or he was in possession of the property in person* or by tenant *either at the time suit to foreclose the tax lien on the property was instituted or at the time the property was sold*.  *A defect in the chain of title to the property does not defeat an offer to redeem.*

(emphasis added).  It is undisputed that the Plaintiff was in possession of the Subject Property at the time of the tax sale.

Redemption statutes should be construed broadly because *inter alia*, a purchaser at a tax sale takes title with the knowledge that it can be challenged for the next two years.  *See Bodin v. Gulf Oil Corp.,* 707 F. Supp. 875 (E.D. Tex. 1988), *appeal dismissed,* 877 F.2d 438 (5th Cir.1989); *Rogers v. Yarborough*, 923 S.W.2d 667, 669 (Tex. App. 1996); *Jackson v. Maddox,* 53 Tex. Civ. App. 478, 117 S.W. 185 (1909); *McGuire v. Bond,* 271 S.W.2d 508, 511 (Tex. Civ. App.—El Paso 1954) *writ refused NRE* (Feb. 22, 1955).

In sum, the Court finds that the declaratory judgment action was the appropriate method to determine the Plaintiff's redemption rights.  The Court also finds that the Plaintiff has established his right to redemption under Texas law.

Within fourteen days, counsel for the Plaintiff shall submit a judgment to the Court consistent with these Findings of Fact and Conclusions of Law.

###End of findings of fact and conclusions of law###